**IMAGEXPO, L.L.C., Plaintiff,**

v.

**MICROSOFT CORPORATION, Defendant.**

No. CIV. 3:02CV751.

United States District Court, E.D. Virginia, Richmond Division.

July 11, 2003.

---

Howard W. Dobbins, Robert Dean Perrow, Williams Mullen PC, Richmond, VA, Coke Morgan Stewart, Howrey Simon Arnold & White LLP, Washington, DC, Alan Michael Fisch, Kelly Ambrose Clement, Jason Foster Hoffman, Howrey Simon Arnold & White LLP, Washington, DC, John H. Weber, Baker & Hostetler LLP, Washington, DC, for Defendant.

## MEMORANDUM OPINION

### (Denying Imagexpo's Motion for Reconsideration)

HUDSON, District Judge.

This case is before the Court on Plaintiff Imagexpo, LLC's ("Imagexpo's") Motion for Reconsideration of this Court's Memorandum Opinion on Claim Construction ("Motion for Reconsideration"). Defendant Microsoft Corporation ("Microsoft") filed an opposition brief, and Imagexpo replied thereto. After reviewing the briefs thoroughly, the Court will deny Imagexpo's motion and will stand by its Memorandum Opinion on Claim Construction ("Markman Opinion").

## I. Correlation between Non–Centralized Architecture and the Send–to–Self Feature

Specifically, Imagexpo seeks reconsideration of Section III(D) of the Markman Opinion, entitled "The Send–to–Self Feature." The Court appreciates the difference between the computing architecture of the patent in suit and the patent's send-to-self feature. In a centralized computing structure, one central computer receives and processes all user inputs. In such a system, none but the central terminal is capable both of processing user inputs and of sending them out to participating terminals. On the other hand, in a non-centralized computing structure, no central computer is involved. Instead, each local and remote computer processes input via its own, equivalent application module.

The Court has not ruled, as Imagexpo suggests, that every non-centralized architecture includes the send-to-self feature. Rather, with respect to United States Pat-

ent Number 5,206,934 (the " '934 Patent" or "Naef Patent"), the Court finds that, according to the applicant's own description, the '934 Patent achieved a non-centralized architecture, which was key to the patentability of its claims, via its means for receiving, interpreting and encoding user actions into standardized packets and sending, receiving, decoding and executing said packets by the remote users and by the local user itself. (*See* Amendment, November 18, 1991, 23; Response to Final Office Action, July 28, 1992, 17.)

## II. Reconsideration of the Court's Construction of "Send–to–Self"

■ According to the United States Court of Appeals for the Federal Circuit, which adopts the Third Circuit's law governing procedural matters that are not within the Federal Circuit's exclusive jurisdiction, "A proper motion to alter or amend judgment 'must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice.'" *Ajinomoto Co. v. Archer–Daniels–Midland Co.,* 228 F.3d 1338, 1350 (Fed.Cir. 2000) (citations omitted).

Applying this standard to the immediate motion, the Court can find neither an intervening change of law nor the hint of any newly available evidence. Thus, the only possible basis for Imagexpo's motion is its suggestion that this Court has made a clear error of law. To that end, Imagexpo suggests that, in construing the "send-to-self" feature of the '934 Patent, this Court "[went] beyond term and phrase interpretation, and instead impermissibly add[ed] limitations into the claims in the absence of any term or phrase requiring interpretation." (Imagexpo, LLC's Memo. in Support of Its Motion for Reconsideration of the Memo. Op. on Claim Construction ("Imagexpo's Memo.") 12.) In support of

its position, Imagexpo cites a number of cases that, according to the plaintiff, reflect a bright-line rule adopted by the Federal Circuit, against which this Court has supposedly transgressed, namely that a trial court may never import a limitation into the claims it is construing from the specification or the prosecution history. (*See id.* at 12–13 (citing *Storage Tech. Corp. v. Cisco Sys.,* 329 F.3d 823, 831–34 (Fed.Cir.2003)); *Rambus, Inc. v. Infineon Tech. Ag,* 318 F.3d 1081, 1088 (Fed.Cir. 2003); *Amgen, Inc. v. Hoechst Marion Roussel,* 314 F.3d 1313, 1325 (Fed.Cir. 2003); *Bayer AG. v. Biovail Corp.,* 279 F.3d 1340, 1348 (Fed.Cir.2002); *Burke, Inc. v. Bruno Indep. Living Aids, Inc.,* 183 F.3d 1334, 1340 (Fed.Cir.1999)).

In its opposition to Imagexpo's motion, Microsoft reminds the Court that the Federal Circuit often holds a patent applicant to the arguments he uses to convince a PTO examiner to issue a patent. *Bayer AG v. Elan Pharmaceutical Research Corp.,* 212 F.3d 1241, 1253 (Fed.Cir.2000); *Elkay Mfg. Co. v. Ebco Mfg. Co.,* 192 F.3d 973, 979 (Fed.Cir.1999); *Desper Prods., Inc. v. QSound Labs, Inc.,* 157 F.3d 1325, 1340 (Fed.Cir.1998); *Digital Biometrics, Inc. v. Identix, Inc.* 149 F.3d 1335, 1347 (Fed.Cir.1998); *Southwall Techs., Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1582 (Fed. Cir.1995). (Microsoft Corporation's Opp. to Imagexpo's Motion for Reconsideration of the Claim Construction Order 9–10.) Here, Microsoft urges, the Court should do just that.

■ Because this Court finds Imagexpo's argument both unpersuasive and directly contrary to its own position on a related issue, it must deny the Motion to Reconsider. First, although it is true that the Federal Circuit is loathe to allow commission of the "cardinal sin," importing non-existent limitations from the specification and prosecution history into the

claims themselves, the Federal Circuit is equally clear that it will not ignore the distinctions an applicant makes during the patent prosecution in order to secure allowance of the patent.[1] "[I]nterpreting what is meant by a word in a claim 'is not to be confused with adding an extraneous limitation . . ., which is improper.'" *Intervet Am., Inc. v. Kee–Vet Labs., Inc.* 887 F.2d 1050, 1053 (Fed.Cir.1989) (citation omitted).

■ Second, as Imagexpo now concedes, the applicant in this case globally constrained the '934 Patent by virtue of his insistence that the "invention" operates in a non-centralized architecture. (*See* Imagexpo Memo. at 1.) This is true even though most of the claims do not include the system's architecture as an element. For Imagexpo to now argue that it is manifest error *of law* for the Court to make the same conclusion with respect to the send-to-self feature is entirely inappropriate.

### III. Construing Send–to–Self as It Is Described in the Claims and Prosecution History

In the PTO's Initial Office Action, mailed on July 18, 1991, the Examiner rejected claims under 35 U.S.C. §§ 101, 103, and 112. Most relevant to this inquiry, he rejected all claims under 35 U.S.C. § 103 as being unpatentable over the Sarin et. al reference. (Initial Office Action, July 18, 1991 ¶ 11.) Responding to this rejection, the applicant filed his first set of amendments ("Amendment 1"). (Amendment 1, November 18, 1991.)

To address the Examiner's concerns regarding Sarin et. al., the applicant described prior attempts at real-time, collaborative technologies, and distinguished the '934 Patent in the following way:

> *In the present invention,* each computer in the conference is permitted to communicate directly with every other computer, thereby avoiding the performance limitations of a centralized architecture. ***This is accomplished by*** providing each computer with means for receiving and interpreting local user inputs, and for encoding the desired user actions into standardized packets containing commands and data. These packets are received, decoded and executed by the remote users and also by the local user itself. Thus, each user responds in essentially the same way regardless of whether a packet has originated locally or from one of the remote users.
>
> By relying on the exchange of encoded commands and data rather than user inputs or visual outputs, the present invention avoids the need for precise identity and synchronization of user hardware and software, and also does not require that large amounts of information be transmitted. In addition, by allowing each computer to treat local and remote inputs in essentially the same manner, a simplified, non-centralized architecture is provided . . . .

*Id.* at 23–24 (emphasis added).

As the Federal Circuit has recognized, "there is sometimes a fine line between reading a claim in light of the written description and relevant prosecution history, and reading a new limitation into the claim." *Storage Tech.*, 329 F.3d at 831 (citing *Comark Communications, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir.1998)). As the Court reads the afore-

---

1. See, for example, the *Storage Technology* case cited by Imagexpo. In that case, the Federal Circuit held that some of the limitations read into the claims by the trial court were improper but that the court had properly construed one, preamble term to limit the claims as a whole because the applicant had emphasized the feature and described it as providing a key benefit of the invention. *Storage Tech.*, 329 F.3d at 834.

mentioned summation, the inventor accomplished the creation of a non-centralized architecture by coordinating the exchange of encoded commands from the local user both to itself and to the remote terminal(s). In other words, his incorporation of the send-to-self feature "in the present invention" was necessary to distinguish the '934 Patent from the prior art. As this Court has previously noted, "[c]laims may not be construed one way to obtain their allowance and in a different way against the accused infringers." *Southwall Techs.,* 54 F.3d at 1576.

Accordingly, this Court is unconvinced that it committed a manifest error of law in its Claim Construction Memorandum. Accordingly, the Court repeats its finding that, because the applicant distinguished his "invention" over the prior art, in part, by repeatedly emphasizing the import of the send-to-self feature, he thereby globally infused such an element into the overall operation of the technology as a whole. Thus, Imagexpo's motion for reconsideration of this Court's claim construction will be denied.